Turley, J.
delivered the opinion of the court.
This is an action of debt, brought by the plaintiff against Elika A. Taylor, in his own right, as surviving obligor, and against him and Daniel C. Carmichael and Henry Mayes, administrators of James Mayes, a deceased co-obligor with Elika A. Taylor. The defendants demurred to the plaintiff’s declaration, upon the ground of a misjoinder of parties, an action against Elika A. Taylor, in his own right as surviving obligor, and against him as a personal representative of a deceased co-obligor, not being maintainable. The demurrer was sustained by the Circuit Court, and thereupon an appeal, in the nature of a writ of error, was prosecuted to this court.
That the principle as contended for in this case, by the defendants in error, is well settled at common law, admits of no controversy. But the act of 1789, ch. 57, sec. 5, has introduced a new rule of action upon this subject. That statute provides, that “whereas, it is a rule of the common law, that in case of the death of a joint obligor, the debt can never survive against his heirs, executors or administrators, which rule is frequently injurious and oppressive to the surviving obligor or obligors; to remedy which, in case of the death of one or more joint obligors, the debt or contract shall and may survive against the heirs, executors and administrators of the deceased obligor or obligors, as well as against the survivor or survivors.” It has been invariably held, since the passage of this act, that under its provisions a joint action may be maintained against a surviving obligor, and the personal representative of a de *111 ceased one. And it can, in our opinion, make no difference, whether the surviving obiigor be such representative or some third person, the principle being alike applicable in either case, and of as easy applicability in the one as the other. See the case of Simpson & Choat vs. Young and others, 2 Hump. 514.
We are, therefore, of the opinion,, that the Circuit Court Judge erred in sustaining the demurrer, and reverse the judgment.